**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ALBERTO SIMON-MORALES, | No. 25-6362 |
| Petitioner, | Agency No. A200-151-437 |
| v. | MEMORANDUM[*] |
| TODD BLANCHE, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 29, 2026[**]

Before:     McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

Luis Alberto Simon-Morales, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"), and cancellation of removal. We have jurisdiction under 8 U.S.C.

§ 1252. We review for substantial evidence whether the agency erred in applying

the exceptional and extremely unusual hardship standard to a given set of facts.

*Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). We deny the

petition for review.

Simon-Morales does not challenge the BIA's conclusion that he waived

review of the IJ's dispositive determination that he failed to show he could not

reasonably relocate in Mexico to avoid future persecution, so we do not address

this issue. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

Simon-Morales' contention that the IJ erred in analyzing relocation is not properly

before the court because he did not raise it before the BIA. *See* 8 U.S.C.

§ 1252(d)(1) (administrative remedies must be exhausted); *see also Suate-Orellana*

*v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (the exhaustion requirement is not

jurisdictional, but must be enforced if properly raised by a party).

Simon-Morales also does not challenge the BIA's conclusion that he waived

review of the IJ's denial of CAT. *See Lopez-Vazquez*, 706 F.3d at 1079-80.

Substantial evidence supports the agency's determination that Simon-

Morales has not shown exceptional and extremely unusual hardship to qualifying

relatives. *See Gonzalez-Juarez*, 137 F.4th at 1006 (petitioner must show hardship

"substantially beyond the ordinary hardship that would be expected when a close

family member leaves the country" (citation and internal quotation marks omitted)). We reject as unsupported by the record Simon-Morales' contention that the BIA did not consider all evidence of hardship.

The motion to stay removal is denied as moot.

**PETITION FOR REVIEW DENIED.**

25-6362